12-3998-cr
United States v. Ponce

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 4th day of June, two thousand thirteen.

Present:     JON O. NEWMAN,
             AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.

––––––––––––––––––––––––––––––––––––––––––––––––––––––

UNITED STATES OF AMERICA,

                      *Appellee*,

             -v-                                            12-3998-cr

JESUS PONCE, AKA JESUS PONCE-CARDENAS,

                      *Defendant-Appellant*.

––––––––––––––––––––––––––––––––––––––––––––––––––––––

Appearing for Appellant:         Kenneth M. Moynihan, Syracuse, NY.

Appearing for Appellee:          Paul D. Silver, Assistant United States Attorney (Richard S. Hartunian, United States Attorney for the Northern District of New York, *on the brief*), Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jesus Ponce appeals from his judgment of conviction for violation of 21 U.S.C. § 841(a)(1), (b)(1), entered August 8, 2012. Ponce challenges the district court's denial of his motion to suppress evidence seized during a search of his person. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

When considering a challenge to the decision of the district court on a motion to suppress, "we review findings of fact for clear error and legal questions *de novo*." *United States v. Stewart*, 551 F.3d 187, 190-91 (2d Cir. 2009). "When we review the denial of a suppression motion, we view the evidence in the light most favorable to the government and draw all reasonable inferences in the government's favor." *United States v. Ferguson*, 702 F.3d 89, 93 (2d Cir. 2012).

As an initial matter, the district court specifically credited the suppression hearing testimony of the police officers and discredited that of Ponce and the driver of his vehicle. While this Court may have a different view of the presented testimony and witnesses, "[w]hen a district court's factual finding is based upon a credibility determination, we are mindful that particularly strong deference should be granted to the finding in light of the factfinder's unique ability to assess the witness." *Ortega v. Duncan*, 333 F.3d 102, 107 (2d Cir. 2003) (internal quotation marks omitted).

In the instant case, Ponce argues that the police did not have probable cause to stop the car in which he was a passenger. "Determinations of probable cause are mixed questions of law and fact that we review de novo, reviewing the underlying findings of historical fact only for clear error and giving due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Wilson*, 699 F.3d 235, 242 (2d Cir. 2012) (internal quotation marks and alterations omitted).

"Probable cause arises when the police reasonably believe that an offense has been or is being committed." *United States v. Scopo*, 19 F.3d 777, 781 (2d Cir. 1994) (internal quotation marks omitted). In the case of a vehicle stop, "[w]hen an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle." *Id.* at 782 (internal quotation marks omitted). Here, the officers reasonably believed that the numerous air fresheners hanging from the rearview mirror and in each of the side windows constituted an obstruction in violation of N.Y. Vehicle & Traffic Law § 375.30. Thus, we conclude that the stop of the vehicle was lawful.

Once the police have effectuated a lawful stop of a vehicle, they "may order passengers to get out of the car pending completion of the stop," *Maryland v. Wilson*, 519 U.S. 408, 415 (1997), and "a search authorized by consent is wholly valid," *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). Because we have concluded that the police had probable cause to stop the vehicle, it was also lawful for the police to order Ponce from the car. Once outside of the car, the police testified that Ponce consented to the patdown search in which cocaine was discovered. Reliance on that consent was "wholly valid." *Id.*

We have considered Ponce's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk